UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBEW LOCAL 400 WELFARE, PENSION, ANNUITY, SUPPLEMENTAL, and JOINT APPRENTICESHIP TRAINING FUNDS, et al., | : : : : : |
| Plaintiffs, | : Civil Action No. 13-4344 (ES) : |
| v. | : : |
| ALLTEK SECURITY SYSTEMS GROUP, INC., | : OPINION & ORDER : : |
| Defendant. | : : |

**SALAS, District Judge**

This action comes before the Court on the motion of Plaintiffs IBEW Local 400 Welfare, Pension, Annuity, Supplemental and Joint Apprenticeship Training Funds (the "Funds") and Guy Peterson, as Trustee and Fiduciary of the Funds, (collectively, "Plaintiffs"), for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiffs' submission (D.E. No. 10), and it appearing that:

1. Plaintiffs commenced this civil action on July 16, 2013.  (*See* D.E. No. 1).

2. Defendant AllTek Security Systems Group, Inc. ("Defendant" or "AllTek") was served with a copy of the Summons and Complaint on July 22, 2013.  (*See* Ex. C, D.E. No. 10-5).

3. The time for answering the Complaint has expired, and the Defendant has not been granted an extension of time within which to answer and has failed to interpose an answer or otherwise respond to the Complaint.

4.  On August 29, 2013, Plaintiffs sent the Clerk of Court a request that default be entered against Defendant.  (*See* D.E. No. 7).

5.  On August 30, 2013, the Clerk of Court entered default as to Defendant.

6.  On October 10, 2013, Plaintiffs filed the present motion seeking default judgment against Defendant.  (*See* D.E. Nos. 10).  Plaintiffs have provided Defendant with notice of the motion for default judgment and related documentation.  (*See* D.E. No. 10-2).

7.  In support of their motion, Plaintiffs filed Inside Agreements for relevant time periods, (Ex. A, D.E. No. 10-4), along with a collection policy, (Ex. B, D.E. No. 10-5).  However, the Inside Agreements are not signed by the Defendant, but rather state that said agreements are made "between the Monmouth-Ocean Division of the Northern New Jersey Chapter, Inc., National Electrical Contractors Association, Inc. (NECA) and Local Union No. 400, IBEW." (Ex. A at 1, D.E. No. 10-4).  The Inside Agreements further state that the "term 'Employer' shall mean an individual firm who has been recognized by an assent to this Agreement."  (*Id.*).  Said agreements are signed by the aforementioned parties, but not by Defendant.  Similarly, the collection policy identifies an "employer," but is signed by "Trustee[s]."

Accordingly, IT IS on this 25th day of April 2014,

**ORDERED** that Plaintiffs have thirty (30) days to submit proof that Defendant AllTek has specifically assented to the agreements; and it is further

**ORDERED** that Plaintiffs shall specifically identify the provisions in said agreements upon which they rely to allege their claims; and it is further

**ORDERED** that the Court, therefore, denies Plaintiffs' motion for default judgment without prejudice and directs Plaintiffs to re-file their motion for default judgment against Defendant within thirty (30) days of the date of this Order; and it is further

**ORDERED** that Plaintiffs shall serve this Order upon Defendant within seven (7) days of the date of this Order; and it is further

**ORDERED** that the Clerk of the Court shall terminate D.E. No. 10.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
