<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBEW LOCAL 400 WELFARE, PENSION, ANNUITY, SUPPLEMENTAL, and JOINT APPRENTICESHIP TRAINING FUNDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLTEK SECURITY SYSTEMS GROUP, INC., <br><br> Defendant. | Civil Action No. 13-4344 (ES) <br><br> OPINION & ORDER |

SALAS, DISTRICT JUDGE

This action comes before the Court on IBEW Local 400 Welfare, Pension, Annuity, Supplemental, and Joint Apprenticeship Training Funds' (the "Funds") and Guy Peterson's (collectively, "Plaintiffs") motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court has proper jurisdiction pursuant to Section 301 of the Labor Management Relation Act, 29 U.S.C. § 185. Having considered Plaintiffs' submissions, (D.E. No. 12), the Court hereby GRANTS in part and RESERVES in part Plaintiffs' motion for default judgment.

I.      FACTUAL BACKGROUND

The Funds are trust funds established and maintained pursuant to the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act ("ERISA"). (D.E. No. 1, Complaint ("Compl.") ¶ 4). Plaintiffs allege that Guy Peterson is a trustee and fiduciary for the Funds within the meaning of ERISA, 29 U.S.C. § 1002(21)(A). (*Id.* ¶ 6). Plaintiffs commenced this action on July 16, 2013, alleging that Defendant AllTek Security Systems

1

Group, Inc., an employer, failed to remit contributions to the Funds and refused to comply with Plaintiffs' audit requests. (Compl. ¶¶ 14, 15, 18). On July 22, 2013, Plaintiffs served Defendant with a copy of the Summons and Complaint. (D.E. No. 6). The time for answering the Complaint has since expired, and as of this date, Defendant has failed to interpose an answer or otherwise respond to the Complaint.

On August 29, 2013, Plaintiffs requested the Clerk of the Court to enter default against Defendant. (D.E. No. 7). The Clerk of the Court did so the following day. (D.E. dated 8/30/2013).

On October 10, 2013, Plaintiffs filed a motion seeking default judgment against Defendant. (D.E. No. 10). In support of this motion, Plaintiffs filed three agreements: two Inside Agreements, (D.E. No. 10-4, Ex. A), and the Policy for Collection of Delinquent Contributions, (D.E. No. 10-5, Ex. B). The Inside Agreements were made between the "Monmouth-Ocean Division of the Northern New Jersey Chapter, Inc., Nation Electrical Contractors Association, Inc. (NECA) and Local Union No. 400, IBEW." (D.E. No. 10-4, Ex. A at 1). Defendant was not a signatory to the Inside Agreements. Furthermore, it was unclear whether Defendant assented to the Policy for Collection of Delinquent Contributions because the parties who signed the Policy were individually labeled as "Trustee[s]." (D.E. No. 10-5, Ex. B art. V).

Having found that Plaintiff failed to provide proof that Defendant assented to the Inside Agreements and Policy for Collection of Delinquent Contributions, the Court denied Plaintiffs' motion for default judgment. (*See* D.E. No. 11, Opinion & Order at 2, 3). The Court ordered Plaintiffs to re-file their motion within thirty days and identify which provisions in the

agreements Plaintiffs relied upon in their claims. (*Id.*). Additionally, the Court ordered Plaintiffs to submit proof that Defendant specifically assented to the agreements. (*Id.*).

On May 22, 2014, Plaintiffs re-filed their motion for default judgment. (D.E. No. 12). In support of this motion, Plaintiffs filed the following agreements: the Inside Agreement, (D.E. No. 12-4, Ex. A); the Policy for Collection of Delinquent Contributions, (D.E. No. 12-5, Ex. B); the Agreement and Declaration of Annuity Fund Trust, (D.E. No. 12-5, Ex. E); the Welfare Fund Agreement and Declaration of Trust, (D.E. No. 12-6, Ex. F); the Pension Fund Agreement and Declaration of Trust, (D.E. No. 12-6, Ex. G) (collectively, the "Labor Agreements"); and Letters of Assent to the Inside Agreement, Outside Agreement, and Residential/Small Works Agreement, (D. E. No. 12-5, Ex. C). Plaintiffs allege that Defendant agreed to abide by the terms of the Labor Agreements and failed to comply when Plaintiffs requested an audit to determine the amount of Defendant's delinquent contributions. (D.E. No. 12-1 ¶¶ 6, 7; Compl. ¶¶ 12-15). As such, Plaintiffs have requested that the Court compel Defendant to submit to an audit, award damages in the amount of delinquent contributions due, and award reasonable attorneys' fees and costs. (Compl. at 7-8).

II.     DISCUSSION

   A.     Plaintiffs' Standing

Before considering the merits of Plaintiffs' default judgment motion, the Court will address Plaintiffs' standing to bring a civil action. Plaintiffs allege that the Court has proper jurisdiction pursuant to Section 502 of ERISA and Section 301 of the LMRA. (Compl. ¶ 1). Although ERISA allows benefit plans to "sue or be sued as entities," 29 U.S.C. § 1132(d)(1), the act only enables a "participant, beneficiary, or fiduciary" to bring a civil action. 29 U.S.C. § 1132(a). The Funds have not alleged that they are a participant, beneficiary, or fiduciary; rather,

the Complaint alleges that "[t]he Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries . . . ." (Compl. ¶ 8). Therefore, the Court cannot exercise jurisdiction over the Funds' ERISA claims. *See Nat'l Health Plan Corp. v. Teamsters Local 469*, No. 13-4084, 2014 WL 4589917, at *2 (3d Cir. Sept. 16, 2014) (stating that a fund must allege that it is a participant or beneficiary to proceed under § 1132(a)(1)); *Northeast Dept. ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147, 153 (3d Cir. 1985) (holding that jurisdiction over a suit between two ERISA plans could not be sustained under § 1132(a)(1)(B)).

The Court notes, however, that Plaintiff Peterson does have standing to bring civil action under ERISA. Plaintiffs allege that Peterson is a trustee and fiduciary for the Funds within the meaning of Section 3(21) of ERISA. (Compl. ¶ 6). As stated above, a fiduciary may bring a civil action under ERISA. *See* 29 U.S.C. § 1132(a). Although Plaintiff Peterson has standing, the Court declines to exercise jurisdiction under ERISA because the Funds lack of standing. The Funds shall have thirty days from the date of this Opinion and Order to establish that they have standing under ERISA. If properly established, the Court will exercise jurisdiction over Plaintiffs' ERISA claims.

With regards to the LMRA, the Court finds that Plaintiffs have standing to bring a civil action. Section 301 of the LMRA allows for "suits . . . between an employer and a labor organization representing employees in an industry affecting commerce . . . ." 29 U.S.C. § 185(a). Furthermore, unlike ERISA, the LMRA does not limit the types of parties that may bring suit to enforce rights guaranteed by labor agreements. *See Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 984 (9th Cir. 1999) ("Section 301 does not limit the parties who may bring suit so long as the object of the suit is the enforcement of rights

guaranteed by an agreement between an employer and a labor organization."); *Teamsters Health & Welfare Fund of Phila. v. H.P. Kanady, Inc.*, No. 12-1470, 2012 WL 3185952, at *2 (D.N.J. Aug. 2, 2010) (allowing a union and pension fund to bring suit for unpaid contributions under the LMRA); *Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers Local 42 v. S. Jersey Insulation Servs.*, No. 05-3143, 2007 WL 276137, at *3 (D.N.J. Jan. 26, 2007) (same). Here, Plaintiffs have a contractual dispute with Defendant, an employer affecting commerce. (Compl. ¶ 9). Therefore, the dispute over the alleged violations of the Labor Agreements falls within Section 301 of the LMRA, and the Court may exercise jurisdiction over Plaintiffs' claims.

### B. Default Judgment

Default judgments are generally disfavored in the Third Circuit. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). However, whether to enter default judgment is a matter within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "Before granting a default judgment, the Court must determine: (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

To determine whether default judgment is proper, the Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampap*, 210 F.3d 154, 164 (3d Cir. 2000). "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

First, the Court finds that there was sufficient proof of service. On July 22, 2013, Plaintiffs served Defendant's managing agent with a copy of the Summons and Complaint. (D.E. No. 6).

Second, the unchallenged allegations in the Complaint state a sufficient cause of action under the LMRA. The act allows the Court to hear "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Plaintiffs allege that Defendant was bound by the Labor Agreements and required to make contributions to the Funds based upon the number of hours Defendant's employees worked. (Compl. ¶ 18). Plaintiffs further allege that the Labor Agreements required Defendant to comply with Plaintiffs' audit requests to determine the amount of Defendant's delinquent contributions. (Compl. ¶ 23). Thus, the Court finds that Plaintiffs allegations constitute a "suit[] for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).

Although Plaintiffs allege that Defendant assented to the Labor Agreements, they must provide proof that Defendant signed or otherwise agreed to the terms and provisions that Plaintiffs' claims rely on. In accordance with the Court's order to provide proof of assent, Plaintiffs submitted a Letter of Assent signed by Defendant. (D.E. No. 12-5, Ex. C). The Letter of Assent states that "the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in" the Inside Agreement. (*Id.*). The Inside Agreement requires the employer to contribute to various welfare, pension, and annuity funds. (*See* D.E. No. 12-4, Ex. A at 25-27). Furthermore, the Inside Agreement incorporates other agreements by reference, including the Pension Fund Agreement and Declaration of Trust. (*See id.* at 26, § 6.04(b)). The Pension Fund Agreement includes an audit provision, which requires each "Employer" to submit to an audit request to verify the correct amount of contributions that are due under the agreement.

(*See* D.E. No. 12-6, Ex. G at 25, § 5). "Employer" is defined as an "employer who now or hereafter has a Collective Bargaining Agreement with the Union requiring periodic contributions to the Pension Fund," which the Inside Agreement requires. (*Id*. at 6). The Pension Fund Agreement is signed by three "Employer Trustees." (*Id.* at 5, 33). However, the Pension Fund Agreement does not specifically name Defendant AllTek Security Systems Group, Inc. as the "Employer," and it is unclear whether the three "Employer Trustees" are agents of Defendant AllTek.

Nevertheless, a thorough review of the record indicates that Defendant assented to the Inside Agreement, which incorporates the Pension Fund Agreement and Declaration of Trust. Given these facts, it appears that Defendant assented to these agreements and had an obligation to contribute to the funds specified in the Inside Agreement, and comply with Plaintiffs' audit requests pursuant to the Pension Fund Agreement and Declaration of Trust.[1]

Finally, the Court finds that default judgment is proper for the following reasons. First, absent any responsive pleadings from Defendant, meritorious defenses do not appear to be available. Second, Plaintiffs "will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant." *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Plaintiffs have made numerous attempts to audit Defendant to no avail. Without an audit, Plaintiffs cannot determine the amount in contributions Defendant owes. (Compl. ¶ 19). Finally, the Court finds that Defendant is culpable because it has been served with notice of this action, but has failed to properly participate.

---

[1] Although Plaintiffs allege that Defendant was bound by *all* of the Labor Agreements, (*see* Compl. ¶ 23), the Court only relies on the Inside Agreement and the Pension Fund Agreement and Declaration of Trust as it is clear that Defendant assented to the provisions contained within these agreements. Plaintiffs have not provided clear evidence that Defendant assented to the remaining Labor Agreements.

Although the Court finds that default judgment is warranted regarding Defendant's obligation to comply with the provisions of the Inside Agreement and Pension Fund Agreement, the Court reserves its decision on damages at this time. In considering the amount of damages to award the prevailing party, the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant. *Durant v. Husband*, 28 F.3d 12, 15 (3d Cir. 1994). To date, the Court has not received any affidavits or documentation from Plaintiffs in order to ascertain the amount of damages to award.[2] As such, the Court will reserve its determination until it receives detailed affidavits, records, and documentation from Plaintiffs.

Furthermore, because the Funds do not have standing under ERISA, the Court will not award reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(2) at this time.

### III. CONCLUSION

Accordingly, IT IS on this 22nd day of December 2014,

**ORDERED** that Plaintiffs' motion for default judgment against Defendant is GRANTED as to liability under the Labor Management Relations Act; and it is further

**ORDERED** that the Funds shall have thirty (30) days to establish their standing to bring a civil action under the Employee Retirement Income Security Act; and it is further

**ORDERED** that the Court shall RESERVE its decision regarding the amount of damages to be entered against Defendant pending Plaintiffs' submission of records and documentation stating an ascertainable amount; and it is further

**ORDERED** that Plaintiffs shall serve Defendant with this Order within fourteen (14) days of the date hereof; and it is further

---

[2] The Court notes that Plaintiffs lack the knowledge to plead a precise amount in damages because they have been unable to audit Defendant. (Compl. ¶ 19).

**ORDERED** that Defendant shall make available to Plaintiffs, within thirty (30) days of service of this Opinion & Order, all books, records, and information necessary for Plaintiffs to determine the precise amount of Defendant's delinquent contributions due to Plaintiffs pursuant to the terms of the agreements Defendant has assented to.  In the absence of such books, records, and information, Defendant shall provide alternative audit methods; and it is further

**ORDERED** that Plaintiffs shall have thirty (30) days to establish that they are entitled to reasonable attorneys' fees and costs pursuant to the Labor Management Relation Act, the Employee Retirement Income Security Act, or an agreement between the parties.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**